# United States District Court
# District of Massachusetts

|   |   |   |
|---|---|---|
| **JOHN STAGIKAS,**     Plaintiff, | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION No. 10-40164-TSH |
| **SAXON MORTGAGE SERVICES, INC.,**     Defendant. | ) ) ) ) | |

### MEMORANDUM AND ORDER ON MOTIONS TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
January 3, 2013

**HILLMAN, D.J.**

After consideration, this Court ORDERS Defendant to produce the following documents in accordance with Plaintiff's Requests for Production of Documents served upon Defendant on January 16, 2012.

1. Request No. 1

Plaintiff's Motion to Compel is allowed.  This Court notes that communications between homeowners and loan servicers made in the normal course of business are neither privileged nor subject to the work product doctrine.  Once it became clear that Plaintiff intended to pursue a claim, subsequent confidential communications between Defendant and its counsel regarding Plaintiff's account could be subject to privilege, but Defendant may withhold them from discovery only if Defendant also files a privilege log in accordance with Fed. R. Civ. P. 26(b)(5).

2.     Request No. 2

Plaintiff's Motion to Compel is allowed. Recorded conversations between a homeowner and a loan servicer are not privileged. Defendant admits to having "written communications between its representatives and counsel detailing communications by and between the Plaintiff and Defendant." Recordings of communications between Defendant and its counsel *about* Plaintiff are not responsive to Request No. 2 because they are not communications *between* Plaintiff and Defendant. However, any recordings of conversations between Plaintiff and Defendant, even if Defendant's counsel was a participant in these communications, must be produced.

3.     Request No. 6

Plaintiff's Motion to Compel is allowed, with the proviso that Defendant may request a protective order in accordance with Fed. R. Civ. P. 26(c) to limit access to trade secret or proprietary information.

4.     Request No. 8

Plaintiff's Motion to Compel is allowed. Documents pertaining to Plaintiff's account created by Defendant in the normal course of business (i.e., loan-service-related documents created prior to the time when Defendant could reasonably anticipate litigation) are not subject to attorney-client privilege or the work product doctrine.

5.     Request No. 10

Plaintiff's Motion to Compel is allowed. Plaintiff's request is reasonably calculated to discover admissible evidence of Defendant's established business procedures for servicing loans such as Plaintiff's. Furthermore, since the request is limited to information about Plaintiff's account, the information is relevant to Plaintiff's claim.

6.       Request No. 16

Plaintiff's Motion to Compel is allowed.

7.       Request No. 29

Plaintiff's Motion to Compel is allowed.  Plaintiff's request is reasonably calculated to discover admissible evidence of Defendant's established business procedures for servicing loans such as Plaintiff's.  Further, since the request is limited to information related to Plaintiff's account, the information would be pertinent to Plaintiff's claim.  However, to the extent any responsive documents constitute proprietary or trade secret information, Defendant may seek a protective order under Fed. R. Civ. P. 26(c).

Defendant shall provide the requested documents within fourteen days of the date of this order by the Court.

                                                                         */s/ Timothy S. Hillman*
                                                                         TIMOTHY S. HILLMAN
                                                                         UNITED STATES DISTRICT JUDGE