# United States District Court
# District of Massachusetts

|  |  |  |
|---|---|---|
| JOHN STAGIKAS,  )  <br> Plaintiff,  )  <br>  )  <br> v.  )  <br>  )  <br> SAXON MORTGAGE SERVICES, INC.,  )  <br> Defendant.  )  <br>  ) | | **CIVIL ACTION** <br> **No. 10-40164-TSH** |

### ORDER DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S ADDITIONAL STATEMENT OFF FACTS AND PORTIONS OF PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF FACTS (Docket No. 79)
### September 24, 2013

HILLMAN, D.J.

### Background

John Stagikas ("Plaintiff") brought claims against Saxon Mortgage Services, Inc. ("Defendant") for breach of contract, violation of M.G.L. c. 93A and violation of the Fair Debt Collection Practices Act. Defendant moved for summary judgment, and in conjunction with its motion included a statement of material facts ("SOF") as required by Local Rule 56.1. Plaintiff submitted a response to Defendant's SOF, identifying those which he contends are contested and thus create a genuine issue to be tried.  Plaintiff also submitted an additional SOF, stating the facts Plaintiff believes are uncontested.  Defendant now moves to strike both Plaintiff's SOF and portions of Plaintiff's responses to Defendant's SOF. For the reasons set forth below, the motion is denied.

**Discussion**

1. Standard of Review

"The court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The court may do so on its own or on the motion of either party. *Id*. While the court has broad discretion in resolving motions to strike, "such motions are disfavored." *Soni v. Boston Medical Center Corp.*, 683 F.Supp.2d 74, 92 (D. Mass. 2009); *see also U.S. v. Sampson*, 820 F.Supp.2d 202, 241 (D. Mass. 2011) ("Motions to strike are 'narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion.'") (internal citation omitted).

2. Plaintiff's Additional SOF

Defendant moves to strike Plaintiff's SOF. Local Rule 56.1 provides, in relevant part, that "[a] party opposing the [summary judgment] motion shall include a concise statement of material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation." While the rule does not contemplate the submission of Plaintiff's statement of undisputed facts, it does not prohibit such a submission either. In this case, Plaintiff's SOF does not change the Court's ruling, and will not be struck. In ruling on the summary judgment motion, this Court will not consider anything therein to the extent it is immaterial or constitutes conclusions of law.

Defendant also moves to struck specific provisions of Plaintiff's SOF because they are inadmissible. *Vasquez v. Lopez-Rosario*, 134 F.3d 28, 33 (1st Cir. 1998) ("Evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment."). Defendant argues ¶ 4 should be stricken because the document it refers to an agreement between Saxon and Fannie Mae "solely as Financial Agent of the United States,"

which defendant claims cannot be authenticated. It is a contract entered into by an agent of the U.S. government and is published on the U.S. Department of the Treasury's website, www.treasury.gov.[1] This document qualifies as a self-authenticating official publication, and is therefore not inadmissible for want of authentication.  Fed.R.Evid. 902(5); *see Williams v. Long*, 585 F. Supp. 2d 679, 685-90 (D. Md. 2008) (noting information posted on a government website is self authenticating under Fed.R.Evid. 902(5)).

Defendant asks that the parts of ¶¶ 18 and 19 containing inadmissible hearsay be stricken. These paragraphs refer to statements Plaintiff claims Saxon representatives made to him over the phone regarding his permanent loan modification; first that he would be receiving one, and then that he would not. For the purposes of summary judgment, these alleged statements will not be considered for their truth; all the Court need consider is the existence of the statements and the affect the statements had on the Plaintiff. In this context they are admissible non-hearsay and need not be stricken.  Fed.R.Evid. 801(c) (Hearsay is a statement that "a party offers in evidence to prove the truth of the matter asserted in the statement.").

3. Plaintiff's Response to Defendant's SOF

Defendant seeks to strike portions of Plaintiff's response to Defendant's SOF. Defendant asks the Court to strike Plaintiff's response to ¶ 13 because the document referred to, exhibit 7, is inadmissible. This exhibit shows the results of Plaintiff's NPV calculation from CheckMyNPV.com, a website maintained by the federal government to assist homeowners in evaluating their HAMP eligibility. This document explains the calculation is only an estimate and may differ from the servicer's calculations due to differing input values and industry-related data, which Defendant contends make it too unreliable to be admissible. This document does not

---

[1] The agreement can be found at: http://www.treasury.gov/initiatives/financial-stability/TARP-Programs/housing/mha/Documents_Contracts_Agreements/Saxon%20Mortgage%20Services,%20Inc%20041113.pdf.

change the Courts ruling and will not be considered in ruling on the motion for summary judgment. It need not be struck from the record.

Defendant also asks the Court to strike Plaintiff's response to ¶¶ 22, 23, and 29 because they are impermissible under Local Rule 56.1, which requires the party opposing the summary judgment motion include a statement of facts it contends are contested "with page references to affidavits, depositions and other documentation." Plaintiff's responses to ¶¶ 22, 23, and 29 do fail to refer to any documentation. Rather than strike these responses, the Court will impose the sanction provided for in the rule, and the Defendant's material facts set forth in ¶¶ 22, 23, and 29 of Defendant's SOF will be deemed admitted.  Local Rule 56.1 ("Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties").

## Conclusion

Defendant Saxon Mortgage Services, Inc.'s Motion to Strike Plaintiff's Additional Statement of Facts and Portions of Plaintiff's Response to Defendant's Statement of Facts (Docket No. 79) is ***denied*** as provided in this Order.

**SO ORDERED**

>  */s/ Timothy S. Hillman*
>  TIMOTHY S. HILLMAN
>  DISTRICT JUDGE